OPINION OF THE COURT
C. Raymond Radigan, J.
In this accounting proceeding the administratrix is the surviving spouse of the decedent with the distributees being her son, Michael, four years old, and her son Ryan, 12 years old, by a prior marriage. The claim of the Nassau County Department of Social Services (Department) for assistance granted both the surviving spouse and her son, Michael, amounts to $5,311.54. In consideration of the assistance received by her, the administratrix has assigned her interest in this estate as surviving spouse to the Department.
Apparently, the only estate asset is real property located at 112 Lawrence Street, New Hyde Park, New York, in which the surviving spouse resides together with her son, Michael. The administratrix is desirous of purchasing the home for both her residence and that of her son, and initially the *562 stipulation of April 30, 1984 provided for a disposition of the assets of the estate, including a sale to the administratrix without making provision for the claim for public assistance. In an apparent attempt to remedy the situation and with the consent of the Department, it was agreed that the proposed closing out of the estate would be deferred for a period of at least two years during which the administratrix, by payments of $222 a month, would liquidate the claim for public assistance prior to winding up the estate.
Thereafter, at a conference on May 28, 1985, the parties again explored the problems presented in the estate. At the conference the referee then in attendance expressed the thought that holding the estate open for a period of some two years would unnecessarily prolong the winding up of the estate and the resolution of the other various problems that the parties had already agreed upon. In order to resolve the matter, it was suggested that the estate be closed based upon the settlements and valuations arrived at by the parties, and that the Department be given a mortgage on the home to be conveyed to the surviving spouse which would provide for the liquidation of its claim. The representative of the Department objected to this claiming that it was unable to receive a mortgage except in connection with an active assistance claim and that since assistance was not presently being granted the surviving spouse or her child, a mortgage could not be accepted. The stipulation accordingly provided for a disposition of the estate based upon the agreements arrived at between the parties and a present winding up of the estate with the Department of Social Services being given an opportunity to respond to the issue of its inability to accept a mortgage without a current public assistance file.
In an affidavit in opposition to the stipulation, the Department cites Social Services Law § 106 (1) which in part states that the Department "may accept a deed of real property and/ or a mortgage thereon on behalf of the public welfare district for the assistance and care of a person at public expense”. In addition, the regulations of the State of New York governing public assistance in part provide that "A Commissioner of Social Services may, however, take a deed or mortgage on the property of a parent of a child receiving ADC, in accordance with sections 106 and 360 of the Social Services Law” (18 NYCRR 352.27). The Department concludes from the above two quotations that it may receive a mortgage only from those currently receiving assistance.
*563 Initially it is observed that Social Services Law § 106 as quoted in part above does not require that there be a current receipt of assistance. While the regulation may be so construed, both the regulation and the statute do not expressly prohibit the Commissioner from accepting mortgages under other situations but only indicate that he "may” do so under the specified circumstances. The court sees no inherent legal incapacity on the part of the Commissioner in accepting a mortgage under the present circumstances. Since the Commissioner was willing to accept a payout over a period of years with the estate being left open and with all of its problems unresolved for that period of time, the court sees no distinction in essence between closing out the estate and resolving those problems and liquidating the public assistance claim for a period of time by means of a mortgage. The alternative appears to be especially unattractive; that is, a liquidation of the property with the surviving spouse and her young son being forced from their home. One of the primary purposes of section 106 is to preserve the nonliquid estate of the recipient of public assistance, consisting of the equity in his home, by use of a lien or mortgage (Matter of Walker v Shang, 66 AD2d 6). That purpose appears to be particularly worthy of achievement here.
Accordingly, the stipulation is approved and implementation under it directed, including the execution of a mortgage between the surviving spouse and the Department of Social Services, providing for the liquidation of the Department’s claim. This matter will appear on the calendar on Thursday, September 12, 1985, for a status report.